CO-PARTNERSHIP—NAME OF INDIVIDUAL—PROOFS — COMPETENCY OF PARTNERS AS WITNESSES — BILLS AND NOTES—PROTEST FOR NON-ACCEPTANCE.

1. In an action against James and Robert, charging them as partners, and, as such, liable for bills drawn by James in his own name, but for the benefit of the partnership, James cannot be examined as a witness for Robert, upon an issue joined by Robert alone. although judgment should have been rendered against James by default.

2. The want of notice of non-acceptance is not excused by an understanding between the plaintiff and James that the bill should not be sent on for acceptance.

3. If the declaration aver a protest for non-acceptance, as well as for non-payment of a foreign bill, and the action be brought upon the protest for non-payment, it is not necesasry that the plaintiff should prove the averment of protest for non-acceptance.

4. In order to charge Robert upon a bill drawn by James in his own name, it is necessary to prove that James and Robert carried on business in partnership under the firm of James. Prima facie it is the sole bill of James.

Action by the payee [Henry Nicholson] against James and Robert Patton, as drawers of a foreign bill of exchange, drawn in the name of James alone, and protested for non-payment.

Mr. Taylor and Mr. Swann, for defendant Robert, offered to examine the defendant James as a witness for Robert, upon the issue joined for him, judgment having been rendered against James by default, and the same jury having been sworn to assess the damages as to James as to the same time.

Mr. E. J. Lee and Mr. Jones, contra. The general rule is, that a party cannot be a witness. The exceptions are only in cases where the judgment may be several; but here it

[1] [Reported by Hon. William Cranch, Chief Judge.]

must be joint, although the defendant, James, should confess judgment.

THE COURT (nem. con.) rejected the witness as incompetent.

THE COURT also, at the prayer of the defendant's (Robert's) counsel, instructed the jury that want of notice of non-acceptance is not excused by an understanding between the plaintiff and the defendant James, that the bill should be sent on for acceptance.

The declaration averred a protest for non-acceptance as well as for non-payment. By the Virginia statute of November 12th, 1792 (section 2), the plaintiff would be entitled to recover interest from the date of the protest for non-acceptance.

Mr. Taylor, for defendant, Robert, contended that the averment of protest for non-acceptance was material. and therefore ought to be proved, notwithstanding the decision of the supreme court of the United States in Brown v. Barry, 3 Dall. [3 U. S.] 365.

But THE COURT (CRANCH, Chief Judge, contra) said it was not necessary that the plaintiff should prove the averment.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the counsel for the defendant, Robert, instructed the jury that in order to charge the defendant, Robert, in this action, it was incumbent on the plaintiff to prove that James and Robert carried on business under the name and firm of James Patton; and that this bill on its face, purports to be the sole bill of James.

---

NICHOLSON v. UNITED STATES. See Case No. 3,097.

NICHOLSON (UNITED STATES v.). See Case No. 15,877.

---

## Case No. 10,251.

### NICHOLSON PAVEMENT CO. v. HATCH et al.

[4 Sawy. 692; 3 Fish. Pat. Cas. 432.] [1]

Circuit Court, D. California. Sept. 21, 1868.

EXTENT OF NICHOLSON'S CLAIM IN HIS PATENT— THE PATENT NOT INFRINGED BY THE USE OF THESE PARTS WITHOUT THE OTHER — A PAVEMENT SIMILAR IN EXTERNAL APPEARANCE NOT NECESSARILY AN INFRINGEMENT ON THE NICHOLSON PATENT.

1. Nicholson, in his patent, makes no claim to the exclusive use of blocks or of gravel and tar between or over them, or of any of the separate parts which go to make up the structure. What he claims as his invention is the combining of the foundation of the pavement with blocks, or blocks and strips of board, these being so arranged as to form cells or channels, with wooden bottoms, for the reception of broken stone or gravel and tar.

2. The patent is not infringed unless the foundation and blocks are used by the defendant in a similar combination. The use of one of them

[1] [Reported by L. S. B. Sawyer, Esq.; and by Samuel S. Fisher. Esq.. and here compiled and reprinted by permission. The syllabus and opinion are from 4 Sawy. 692. and the statement is from 3 Fish. Pat. Cas. 432.]

without the other, though all the other necessary elements in the formation of the pavement are employed, violates no right of the patentee.

3. A pavement presenting an external appearance similar to that of the patentee, but in which the blocks are placed directly upon the graded earth, no boards or other foundation being interposed, is not an infringement of the Nicholson patent.

[This was an action on the case tried by the court by consent of parties, without a jury. The suit was brought to recover damages for the infringement of letters patent [No. 11,491] for an "improvement in wooden pavements," granted to Samuel Nicholson August 8, 1854, and reissued December 1, 1863 [No. 1,583; reissued August 20, 1867, No. 2,748], the exclusive right to use which within the city and county of San Francisco, California, had, by intermediate conveyances, become vested in the plaintiffs. The invention is very fully described in the opinion as well as in the claim of the original patent, which was as follows: "So combining and arranging the blocks or wooden portion of the pavement, that there may be cells or channels between them for the reception of tar and gravel, or materials of like character, each cell having a wooden bottom for the cement to rest on, whereby, when the mass of tar and gravel in each cell is pressed down by the wheels of vehicles, it shall be prevented from being forced through the cavity, and be caused to spread in lateral directions so as to maintain a firm and close joint between the adjacent blocks, and prevent water from passing down between their joints." The claim of the reissued patent is even more minute in the details of the invention. It is as follows: "The so combining and arranging the foundation or support, or its equivalent, of said wooden pavement resting on the roadway surface or bed, substantially as herein described, with said long and short blocks above described, or their equivalents, which said blocks are combined in such a manner as that partitions shall be made leaving cells or channels between them, with a wooden bottom formed by the shorter blocks some distance above the lower end of the blocks, for the reception of the broken stone or gravel and tar, or other like material, and also combined with such cells or channels filled with broken stone, gravel, and tar, or other like material, substantially as herein described, whereby the particles of broken stone or gravel are prevented from working under the lower ends of the longer blocks, and whereby water is prevented from passing from the surface of the pavement downward through the joints of said wooden blocks, and also moisture is prevented from being absorbed upward from the ground by said wooden blocks, substantially as described." The pavement constructed by the defendants [T. H. Hatch and others] is fully described in the opinion.] [2]

2 [From 3 Fish. Pat. Cas. 432.

J. H. Saunders, W. F. Sharp, and Crittenden & Wilson, for plaintiffs.

Solomon Heydonfeldt and Joseph M. Nougues, for defendants.

FIELD, Circuit Justice. This is an action to recover damages for an alleged infringement by the defendants of a patent granted by the United States to Samuel Nicholson for an improvement in wooden pavements. A patent was originally issued to Nicholson in August, 1854. This being surrendered, a new patent to him was issued in December, 1863. The right to use the invention in the city and county of San Francisco has passed from Nicholson by various intermediate transfers to the plaintiff, a corporation created under the laws of this state.

The nature of the improvement, which the patentee claims as his invention, can only be understood from a description of the pavement and its mode of construction. The specifications accompanying the patent give such description with much fullness and detail. A brief description, however, will be sufficient for our purpose, and will exhibit the matter in dispute between the parties. The improved pavement is constructed in this wise: The earth of the roadway or street upon which the pavement is to be made is first graded. The grade is generally made in a slightly arched shape, so that the elevation at the centre of the road is a trifle higher than at the sides. The earth thus prepared is then covered with tarred paper, or lime mortar, or hydraulic cement about two inches in thickness, or with a thin flooring, upon which tar is poured.

Upon the foundation thus made, two sets of wooden blocks are placed. These blocks are cut with parallel sides from timber, about four inches square, in cross sections; those of one set are about eight inches in length, and those of the other set are about half that length. These blocks are placed end upward, and are arranged both transversely and longitudinally, so that the long and short blocks stand alternately in each direction. By this arrangement there is formed above each short block a cell or cavity, bounded by four of the large blocks. Into each of these cells a small quantity of coarse salt is poured. The cells are then filled with broken stone, or coarse, clean gravel, the whole being firmly rammed until the upper surface becomes firm and level. Mineral or vegetable tar or pitch is then poured over the whole surface of the pavement, and into the cells containing the broken stone or gravel, so as to penetrate between the pieces and cement them together. The tar permeating into the cells makes the entire mass of stone or gravel adhere firmly to the surrounding blocks, and also allows an expansion of the mass from the pressure of carriages, such expansion serving to fill up any spaces which may be formed from shrinkage of the wooden

blocks. To prevent the blocks from being forced below one another they are sometimes connected together by wooden pins, and instead of the broken stone and tar in the cells any other suitable cementing material may be used.

Instead of the two sets of blocks described, the improved pavement is sometimes constructed entirely with long blocks and a strip of board between them. In such case, the blocks are placed side by side in rows transversely of the roadway, with a space an inch in width between them, in which the strip of board is introduced edgewise or vertically. The width of the board is about one-half the length of the blocks. These boards resting on the foundation, there is formed above them, between the blocks, long cells or grooves extending across the roadway. These cells are filled with broken stone, or gravel, and tar, as already described. It is generally, if not always, in this form that the pavement has been constructed in San Francisco.

It is in this way, as we have briefly described it, the improved pavement, which is generally called the Nicholson pavement, is made. It is a pavement of great neatness, is easily kept clean, is from its nature free from mud, offers a sure footing for horses; and by its use the noise of carriages and carts, so annoying in the busy streets of a large city, is to a great extent avoided. It is also represented by the patentee to be a durable structure, its durability being secured, in his view, by the elastic extremities of the fibres of the blocks, and by the exclusion of moisture and consequent rot from the blocks by the material employed for the foundation and the tarry covering poured over the surface.

This pavement is not the entire invention of Nicholson, nor is it so claimed by him. Wooden pavements were invented and in use in different parts of the world many years before his attention was directed to the subject. He makes no claim to the exclusive use of the blocks, or of the gravel and tar between them or over them, nor of any of the separate parts which go to make up the structure. What he claims as his invention is the combining of the foundation of the pavement with the blocks, or the long blocks and strips of board, these being arranged so as to form cells or channels with wooden bottoms for the reception of broken stone or gravel and tar, as already described, "whereby," to quote his own language, "the particles of pounded stone or gravel are prevented from working under the lower ends of the longer blocks, and whereby water is prevented from passing from the surface of the pavement downward through the joints of said wooden blocks, and also moisture is prevented from being absorbed upward from the ground by said wooden blocks."

The claim here stated is not for the invention of any of the several parts which go to make the structure, but for their combination; and the particular improvement for which the patent was solicited was the arrangement of the foundation with the blocks so as to exclude moisture from the bottom, and prevent the broken stone or gravel from working under them. The patent is not infringed unless these two parts of the structure, the foundation and blocks, are used by the defendants in a similar combination. The use of one of them without the other, though all the other necessary elements in the formation of the pavement are employed, violates no right of the patentee. A patent for a combination of two things is not, of course, a patent for a combination of the two with a third and different thing. The authorities on this subject are all one way.

In Prouty v. Ruggles, 16 Pet. [41 U. S.] 341, the patent was for the combination of certain parts of a plow, they being so arranged as to produce a certain effect. The action was for an alleged infringement. The court below instructed the jury that unless the whole combination was substantially used in the plow of the defendants, there was no violation of the plaintiff's patent, although one or more of the parts specified were used in combination by them. The jury found for the defendants, and the instruction was held correct by the supreme court: "None of the parts referred to," said Mr. Chief Justice Taney in delivering the opinion of the court, "are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new; or stated to produce any given result. The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described; and this combination composed of all the parts mentioned in the specification, and arranged with reference to each other, and to other parts of the plow in the manner therein described, is stated to be the improvement, and is the thing patented. The use of any two of these parts only, or of two combined with a third, which is substantially different in form or in the manner of its arrangement and connection with the others, is therefore not the thing patented. It is not the same combination if it substantially differs from it in any of its parts."

In Eames v. Gadfrey, 1 Wall. [68 U. S.] 79, this case from Peters is cited with approval, and its ruling followed. In Brooks v. Fiske, 15 How. [56 U. S.] 212, the patent was for a planing machine, and the invention claimed was a combination of three elements. The machine which was alleged as an infringement, did not use all of these three; and the court stated the rule of law in such case to be, "that if a combination has, as here, three different known parts, and the result is proposed to be accomplished by the union of all the parts arranged with reference to each other, the use of two of these parts only combined with a third, which is substantially different in the manner of its arrangement

and connection with the others, is not the same combination, and no infringement." Page 219.

If we now apply these principles to the case presented for determination, the result which must follow is obvious. The pavement constructed by the defendants is termed by them the Stow pavement. In this pavement no foundation, beyond the grading of the earth, is prepared for the support of the blocks as in the Nicholson pavement. No tarred paper, nor lime mortar, nor hydraulic cement, nor flooring with or without tar, is employed. The blocks are placed in parallel rows directly upon the graded earth, which is forced into a solid and compact form by a wedge driven between the blocks. This wedge is made of a board two or three feet in length, and nearly of the width of the blocks, and is driven some inches below them. The Stow pavement presents an external appearance similar to that of the Nicholson pavement; it exhibits the same neatness; is with equal ease kept clean; furnishes the same sure footing for horses; and by its use the noise of carriages and carts is equally avoided. But in the foundation used, the resemblance ceases; in that particular there is nothing in common between them, and the special benefits ascribed by the parties to the foundation of their respective pavements are different. The exclusion of moisture from the blocks is one of the principal benefits ascribed by Nicholson to the foundation of his pavement. The defendants, on the other hand, insist that more or less moisture penetrates the blocks from above and below, and that the absence of any wooden or tarred foundation to the pavement allows it to readily escape, and thus the blocks are preserved from decay. They also assert that their pavement has many advantages over that of the Nicholson, particularly in the facility with which the pavement can be taken up and replaced when this becomes necessary, as it often does in the streets of a city, to lay down water or gas pipes, or to repair them. But all this, whether true or otherwise, is a matter which can have no bearing upon the decision of the case. On the merits of the two systems we are not called upon to pass. It is sufficient to determine the issue presented that the combination for which Nicholson obtained his patent has not been used in all its parts by the defendants. Hence, they are not guilty of infringing upon any rights held under his patent.

The decision of the circuit court of the United States for the district of Illinois, to which we have been referred, does not affect this case. That decision only determined the validity of the patent to Nicholson, and the infringement of his rights by the city of Chicago. We do not deny the validity of his patent, or the legality of the transfers to the plaintiff. We only adjudge that the patent has not been infringed by the defendants in the construction of what is termed by them the Stow pavement.

Judgment ordered for defendants.

[NOTE. For other cases involving this patent, see American Nicholson Pavement Co. v. City of Elizabeth, Case No. 311; City of Elizabeth v. American Nicholson Pavement Co., 97 U. S. 126; American Nicholson Pavement Co. v. City of Elizabeth, Cases Nos. 309 and 312; Same v. Jenkins, 14 Wall. (81 U. S.) 452; Jenkins v. Nicolson Pavement Co., Case No. 7,273; Bigelow v. City of Louisville, Id. 1,400.]